IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



| | | |
|---|---|---|
| JORDAN YEE, M.D., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:08-CV-703-A |
| | § | |
| BUREAU OF PRISONS, ET AL., | § | |
| | § | |
| Defendants. | § | |

O R D E R

Pending before the court is the motion of defendants, Bureau of Prisons ("BOP") and Michael B. Mukasey, Attorney General, Department of Justice, to dismiss for failure of plaintiff, Jordan Yee, to state a claim upon which relief may be granted. Having considered the motion, plaintiff's response, and the applicable legal authorities, the court has concluded that defendants' motion should be granted.

I.

Allegations in the Complaint

In his complaint filed November 28, 2008, plaintiff purportedly brings claims for race discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"), and "withheld exculpatory evidence" in violation of the Due Process Clause as set forth in Brady v. Maryland, 373 U.S. 83 (1963). Plaintiff claims defendants

discriminated against him when, in 2001, they allegedly withheld exculpatory evidence from him because of his race and in retaliation of his prior complaints to the Equal Employment Opportunity Commission ("EEOC"). Specifically, plaintiff contends that in March 2001, defendants accused him of changing a patient's prescription, which he denied. Defendants then charged him with providing misleading statements during an official investigation, for which he received a one-day suspension. Plaintiff grieved the suspension through his union, which an arbitrator subsequently upheld. Plaintiff now claims he learned on or about February 1, 2006, that his supervisor would not have recommended the disciplinary action had he received certain electronic prescription records, and that defendants refused to allow testimony during the arbitration by certain witnesses, which testimony would have exonerated him of the charge. Plaintiff contacted the BOP's Equal Employment Opportunity counselor regarding these issues. The Office of Federal Operations dismissed plaintiff's complaint as a collateral attack on a previously rendered decision, specifically the prior arbitration.

II.

Grounds of the Motion and Plaintiff's Response

Defendants move for dismissal of plaintiff's claims on the grounds that they are an impermissible collateral attack on the arbitration proceeding, and that, because Brady applies only to criminal proceedings, it is inapplicable to plaintiff's civil action. Plaintiff's response, although somewhat unclear, appears to repeat the factual allegations of the complaint, as well as to argue against application of res judicata or collateral estoppel as between the arbitration and the instant action.[1]

III.

Legal Standard for Motion to Dismiss

The standards for deciding a motion to dismiss for failure to state a claim are well-settled. The court's task is to determine "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). In Conley v. Gibson, 355 U.S. 41 (1957), the Supreme Court said that a complaint "should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no

---

[1]Defendants raised neither res judicata nor collateral estoppel as a basis for their motion.

set of facts in support of his claim which would entitle him to relief." 355 U.S. at 45-46. However, the Supreme Court has held that it did not quite mean its "no set of facts" statement in <u>Conley</u>. <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 127 S. Ct. 1955, 1968-69 (2007) (stating that the <u>Conley</u> "no set of facts" statement "described the breadth of opportunity to prove what an adequate complaint claims, not the minimum standard of adequate pleading to govern a complaint's survival," at 1969).

In evaluating whether the complaint states a viable claim, the court construes the allegations of the complaint favorably to the pleader. <u>Scheuer</u>, 416 U.S. at 236. However, the court does not accept conclusory allegations or unwarranted deductions of fact as true. <u>Bell Atlantic</u>, 127 S. Ct. at 1964-65 (stating that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (citations, brackets, and quotation marks omitted)); <u>Tuchman v. DSC Commc'ns Corp.</u>, 14 F.3d 1061, 1067 (5th Cir. 1994); <u>Guidry v. Bank of LaPlace</u>, 954 F.2d 278, 281 (5th Cir. 1992). On a motion to dismiss for failure to state a claim,

4

courts "are not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

IV.

Analysis

The court agrees with defendants that plaintiff's claims are nothing more than an attempted collateral attack on the prior arbitration proceeding. Plaintiff attempts to distinguish the instant complaint from the prior arbitration by claiming that the former concerns exculpatory evidence defendants withheld during the prior arbitration, while the latter sought recovery of one day's lost salary. Plaintiff's protests are unavailing. It is evident that his current claims are inextricably intertwined with the prior arbitration. All of plaintiff's current claims relate to defendants' alleged wrongful acts prior to and during the previous arbitration. Plaintiff cannot challenge the arbitration, or any of the purported procedural flaws associated with it, through a Title VII action. See, e.g., United States Postal Serv. v. Nat'l Assoc. Of Letter Carriers, 64 F. Supp.2d 633 (S.D. Tex. 1999); Brown v. Potter, 67 F. App'x 368 (7th Cir. 2003).

Plaintiff's claimed due process violation for withholding exculpatory evidence fares no better. The duty to disclose

5

exculpatory evidence pursuant to Brady v. Maryland, 373 U.S. 83 (1963), arises in the context of criminal proceedings and is inapplicable, as here, to a labor arbitration arising from an employment dispute. See id.; see also Tandon v. Comm'r, 2000 WL 331926 (6th Cir. March 23, 2000); NLRB v. Nueva Eng'g, Inc., 761 F.2d 961, 969 (4th Cir. 1985)(rejecting application of Brady to proceeding before National Labor Relations Board); Mister Discount Stockbrokers, Inc. v. SEC, 768 F.2d 875, 878 (7th Cir. 1985)(rejecting Brady in context of securities administrative disciplinary proceeding).

V.

Order

For the reasons discussed above, the court concludes that defendants' motions to dismiss should be granted.

Therefore,

The court ORDERS that all claims asserted by plaintiff in the above-captioned action be, and are hereby, dismissed.

SIGNED February 27, 2009.

_____
JOHN McBRYDE
United States District Judge

6